UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-62285-LEIBOWITZ

**CESAR AUGUSTO MARTINEZ MONCADA**,

    *Petitioner,*

v.

**KRISTI NOEM,** *et al.*,

    *Respondents.*

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner Miguel Victor Chaclan Velasquez's ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition") [ECF No. 1] and Amended Complaint ("the Complaint") [ECF No. 9]. Respondents filed a response to the Petition. [ECF No. 19]. Petitioner has not filed a reply, and the time to do so has elapsed.

## BACKGROUND

Petitioner is a native and citizen of Nicaragua who entered the United States without inspection on or around June 25, 2021. [ECF No. 1 ¶¶ 1–2]. Petitioner has no criminal record in the United States or in Nicaragua. [*Id.* ¶ 67].

On November 7, 2021, Customs and Border Patrol ("CBP") issued a Form I-860, Notice and Order of Expedited Removal, pursuant to INA § 235(b)(1). [ECF No. 13 at 2]. Petitioner was transferred to the custody of the U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operation ("ERO") at the Central Louisiana Processing Center on November 14, 2021 [*Id.*]. On or about November 20, 2021, ERO released Petitioner on an ICE Form I-220B, Order of Supervision ("OSUP"). [*Id.*]. Since then, Petitioner has resided primarily in Miami, Florida. [ECF No. 1 ¶ 66]. Additionally, Petitioner has had a pending Form I-589, Application for Asylum and for

Withholding of Removal with U.S. Citizenship and Immigration Services ("USCIS") since February 2022.  [*Id.* ¶ 68].

On June 17, 2025, a joint task force composed of Miami Police Department and Immigration Customs Enforcement agents stopped Petitioner's vehicle while travelling in Miami, Florida.  [*Id.* ¶ 69]. Petitioner was then placed in removal proceedings pursuant to 8 U.S.C. § 1229a.  [*Id.* ¶ 72].

On or about July 28, 2025, Petitioner claimed fear of return to Nicaragua and ERO referred Petitioner's fear claim to USCIS's Asylum Pre-Screening Officer ("APSO") for a credible fear interview pursuant to INA § 235(b)(1)(A)(ii).  [ECF No. 13 at 3].  APSO conducted Petitioner's credible fear interview on August 7, 2025, and determined that Petitioner had established a credible fear of return to Nicaragua and issued a Notice to Appear that was filed with EOIR on August 22, 2025, placing Petitioner in INA § 240 removal proceedings.  [*Id.*].  On November 26, 2025, ERO revoked Petitioner's OSUP, explaining that the revocation was "appropriate to enforce [Martinez's] removal order."  [*Id.*].  On December 11, 2025, counsel for the Department of Homeland Security ("DHS") filed a motion to pretermit Petitioner's application for relief.  [*Id.*].  On the morning of December 17, 2025, the Immigration Judge granted DHS's motion to pretermit and ordered Petitioner removed to Ecuador.  [*Id.* at 3–4].  Petitioner reserved appeal of the Immigration Judge's removal order.  [*Id.*].

Petitioner is presently being detained at the "Alligator Alcatraz" Detention Facility, where he has been held since October 7, 2025.  [ECF No. 1 ¶ 76].  To date, Petitioner has not been afforded a bond hearing pursuant to 8 U.S.C. § 1226(a).  [*Id.* ¶ 75].

## DISCUSSION

The government first challenges the Court's subject matter jurisdiction over the Petition and Complaint, arguing that the jurisdiction-stripping provisions of the INA—namely, 8 U.S.C. § 1252(a)—prevent this Courts from hearing Petitioner's challenge to his expedited removal

proceedings.  That section provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—(i)…any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title, (ii)…a decision by the Attorney General to invoke the provisions of such section, (iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title, or (iv)…procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

The government's interpretation of 8 U.S.C. § 1252(a) is correct, as numerous courts in the Eleventh Circuit have held.  *See Chaviano v. Bondi*, No. 25-22451-CIV, 2025 WL 1744349, at *5 (S.D. Fla. June 23, 2025); Gonzalez Carmona v. Ripa, No. 2:25-CV-1128-SPC-DNF, 2025 WL 3649577, at *3 (M.D. Fla. Dec. 17, 2025); *Juan David Hernandez Giron v. Kristi Noem, et al.*, No. 2:25-CV-01201-SPC-NPM, 2026 WL 60351, at *2 (M.D. Fla. Jan. 8, 2026).

However, although "[t]he Court cannot review the respondents' discretionary decision to commence expedited removal proceedings or prevent them from executing the expedited removal order[], . . . the INA does not divest it of jurisdiction to consider the legal basis of Hernandez Giron's detention under principles of habeas corpus." *Juan David Hernandez Giron v. Kristi Noem, et al.*, No. 2:25-CV-01201-SPC-NPM, 2026 WL 60351, at *2 (M.D. Fla. Jan. 8, 2026); *see also Perez v. Mordant*, No. 2:25-CV-00947-SPC-DNF, 2025 WL 3466956, at *3 (M.D. Fla. Dec. 3, 2025).

As such, the key question is whether Hinojosa Garcia's detention is governed by Section 1225(b)(2), which mandates detention, or Section 1226(a), which allows for release on bond.  The former applies where an immigrant is subjected to expedited removal proceedings, whereas the latter "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303.  More specifically, Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional

parole. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025). And importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The vast majority of courts have concluded that where an immigrant like Petitioner has been released from the government's custody and has resided in the United States for several years, removal proceedings are properly renewed under section 1226(a), not section 1225(b)(1). *See Perez v. Parra*, Case No. 1:25-cv-24820-KMW (S.D. Fla. Oct. 27, 2025), ECF No. 6–10 (collecting "countless" cases). That is true even where, as here, the government ostensibly initiates expedited removal procedures upon first encountering the immigrant but later releases the immigrant. *See, e.g.*, *Ceballo v. Parra*, No. 25-CV-25271-JB, 2025 WL 3481908, at *3 (S.D. Fla. Dec. 4, 2025) ("Respondents argue that Petitioner was originally placed in expedited removal proceedings and, thus, he is lawfully detained without bond under section 1225(b)(1). This argument misses the mark because Petitioner was released in December 2022 . . . .") (internal citations omitted). Accordingly, Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).[1]

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[1] The Court does not reach Petitioner's due process and Administrative Procedures Act ("APA") challenges "given that the Court [is granting] the relief [Petitioner] seeks based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). Petitioner may renew his Fifth Amendment and APA claims in a subsequent complaint if he does not prevail at his bond hearing.

1. The Petition [ECF No. 1] and Amended Complaint [ECF No. 9] are **GRANTED IN PART** to the extent that they seek relief in the form of a bond hearing under 8 U.S.C. § 1226(a). The Petition and Amended Complaint are otherwise **DENIED WITHOUT PREJUDICE**.

2. Respondent shall provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a) within seven (7) days of the entry of this Order, or otherwise release Petitioner. <u>Counsel for Petitioner must be afforded a meaningful opportunity to prepare for and attend the bond hearing</u>. No less than 72 hours prior to the time the bond hearing is set to commence, Respondents shall notify counsel that a bond hearing has been scheduled. The notice shall include the time, date, and location of the bond hearing and shall apprise counsel of any procedural requirements they must satisfy in order to appear on behalf of Petitioner.

3. The **Clerk of Court** is directed to **CLOSE** this case. All existing deadlines are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on January 16, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record